J-S12027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BLAKE HARRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| U.S. BANK NATIONAL ASSOCIATION | : | No. 2438 EDA 2025 |
| | : | |

Appeal from the Order Entered August 25, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  250103537

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                         **FILED JULY 21, 2026**

Blake Harris ("Harris") appeals *pro se* from the order sustaining preliminary objections filed by U.S. Bank National Association ("U.S. Bank") and dismissing with prejudice Harris's amended complaint.  Harris raises sixteen issues alleging, *inter alia*, procedural irregularities, violations of his due process rights, and trial court bias.  Because the trial court acted within its discretion to refuse to consider filings by a *pro se* non-attorney purporting to represent a trust, we affirm.

The procedural background is as follow.  In January 2025, Harris initially filed a *pro se* complaint to quiet title and sought to invalidate a mortgage on a property on the 6200 block of Walnut Street in Philadelphia ("the property").  In the initial complaint, Harris identified himself as "real party in interest"

_____

[*] Retired Senior Judge assigned to the Superior Court.

because his then-deceased mother was owner of the property. Complaint, 1/30/25, at 1. Harris also identified himself as a "successor trustee" and the executor of his mother's estate. ***Id***. Harris attached to his complaint a certificate of the Drusella Dorthea Porter Trust ("the trust"), which referenced the property.[1] ***Id***., Exhibit A (hereinafter "certificate of trust"). U.S. Bank filed preliminary objections asserting, in relevant part, the trust owned the property and Harris lacked standing. The trial court sustained the preliminary objections and dismissed the complaint without prejudice. ***See*** Order, 5/15/25, at 1 ("the May 2025 order"). The May 2025 order noted, "It is unclear what interest Harris has in the property, or whether Harris has standing to bring this action. Under all circumstances, ***Harris asserts that he is proceeding on behalf of a trust, which, as a non-attorney, he is not permitted to do***." ***Id***. at 1 n.1 (emphasis added). Harris filed a *pro se* motion to vacate the May 2025 order. The trial court denied and dismissed that motion with prejudice. ***See*** Order, 6/16/25, at 1.[2]

_____

[1] The certificate of trust also named Drusella Dothea Porter and Blake Edward George Harris, Sr. as settlors and trustees, as well as successor trustees. ***See*** Certificate of Trust at 1-2. Although Harris did not specifically identify himself as the Blake Edward George Harris, Sr. referenced in certificate of trust, he repeatedly asserted he was a successor trustee.

[2] U.S. Bank suggests Harris had to appeal from the orders dismissing the initial complaint without prejudice because that order did not specify that Harris could file an amended complaint. ***See*** U.S. Bank's Brief at 10-12. U.S. Bank also asserts Harris did not timely file an amended complaint after the dismissal of the initial complaint. ***See id***. at 12. U.S. Bank claims the instant appeal, therefore, is untimely. ***See id***. at 10-12. We have found no support for U.S. *(Footnote Continued Next Page)*

Still acting *pro se*, Harris then filed an amended complaint admitting that "title to the . . . property is held in the name of the [trust]" and again averring he was acting as sole heir, executor of the estate and successor trustee. Amended Complaint, 6/20/25, at 2. U.S. Bank filed preliminary objections, and Harris filed a response. On August 21, 2025, at or after a hearing scheduled for a discovery matter,[3] the trial court sustained U.S. Bank's preliminary objections and dismissed Harris's amended complaint with prejudice. *See* Order, 8/25/25, at 1 ("the August 25, 2025 order").[4] Although dated August 21, 2025, the August 25, 2025 order was not docketed until August 25, 2025, and was apparently not served until the day after docketing. In the time between the issuance and docketing of the August 25, 2025 order, Harris recorded a deed transferring the property from the trust to himself. *See* Motion to Recuse, 8/27/25, Exhibit A (deed recorded August 22, 2025).

_____

Bank's jurisdictional argument. *See Peters Creek Sanitary Auth. v. Welch*, 681 A.2d 167, 170 (Pa. 1996) (noting that the trial court has discretion with respect to late pleadings if the opposite party is not prejudiced and justice requires); *Mier v. Stewart*, 683 A.2d 930, 930 (Pa. Super. 1996) (noting that "[f]or finality to occur, the trial court must dismiss with prejudice the complaint in full").

[3] Harris did not include a transcript of the August 21, 2025 hearing as part of the certified record. Although he represents the trial court orally dismissed the amended complaint at that hearing, we are unable to confirm any of Harris's characterization of what occurred at the hearing.

[4] The trial court denied Harris's *pro se* motion to deem admitted his requests for admission in a separate order. *See* Order, 8/22/25, at 1.

Harris averred he first learned of the dismissal of his amended complaint at a status conference on August 25, 2025, before an "administrative case management officer." Motion to Reconsider and Vacate Order, 8/27/25, at 2. Starting August 27, 2025, Harris began filing a series of motions, including (1) an August 27, 2025 motion for reconsideration, which the trial court denied on August 29, 2025; (2) an August 27, 2025 motion for the trial court's recusal, which the trial court denied on September 8, 2025;[5] as well as (3) a September 2, 2025 petition to open or strike judgment and motion to vacate judgment (the "September 2, 2025 filings").

Harris filed a timely notice of appeal. The trial court thereafter dismissed Harris's September 2, 2025 filings due to Harris's appeal. Harris and the trial court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the court concluded Harris lacked a personal interest in the property, could not represent the trust in court *pro se*, and did not establish a basis for the court's recusal. *See* Trial Court Opinion, 11/20/25, at 4-5.

As noted above, Harris raises sixteen issues asserting procedural and substantive challenges to the trial court's dismissal of his amended complaint and the motion to recuse. *See* Harris's Brief at 6-10 (stating the questions

---

[5] Harris attached a copy of the deed transferring the property from the trust to himself to the motions he filed in August 27, 2025.

involved in this appeal).[6]  Notably, Harris has not raised any issue with the trial court's conclusion that he could not represent the trust in court.

Generally, an individual representing another individual or entity in court must be an attorney.  **See Barrett v. M&B Med. Billing, Inc.**, 291 A.3d 371, 376 (Pa. Super. 2022).  "[A] court cannot ignore the unauthorized practice of law and must intervene."  **Bisher v. Lehigh Valley Health Network, Inc.**, 265 A.3d 383, 406 (Pa. 2021).  A court has a duty to stop an unauthorized practice of law in the proceeding before it, even if the opposing party does not object.  **See id**. at 406-07; **Delaware Valley Landscape Stone, Inc. v. RRQ, LLC**, 284 A.3d 459, 465 (Pa. Super. 2022).[7]  However, the unauthorized practice of law, including the filing of pleadings in the trial court, is a "technical defect," not a jurisdictional one.  **Bisher**, 265 A.3d at 407.  Therefore, the court in which the offending practice occurs should afford the party a reasonable opportunity to cure the defect.  **See id**. at 409.

_____

[6] **See also** Harris's Brief at 10, 14 (asserting the trial court stated it did "not care about the law" and showed hostility to *pro se* litigants), **id**. at 13, 16 (asserting that the order dismissing his amended complaint was "unsigned, lacked findings, and was not served prior to docket entry"), **id**. at 15 (asserting the trial court erred in declining to vacate the August 25, 2025, order when U.S. Bank did not timely oppose his motion to vacate); **id**. at 17 (asserting the trial court erred when refusing to consider his discovery motions and the merits of his claim).

[7] In **Delaware Valley Landscape Stone**, this Court struck uncounseled briefs filed by trustees in an appeal on behalf of the trust.  **See Delaware Valley Landscape Stone**, 284 A.3d at 465.  We decline to do so here based on the nominal indication that the trust is no longer a party and Harris could appear *pro se* in Court on his own behalf.

In the present case, the trial court identified the issue of Harris's unauthorized practice of law in the May 2025 order dismissing, without prejudice, the initial complaint filed by Harris. *See* Order, 5/15/25, at 1 n.1. However, Harris continued to proceed *pro se* and filed the amended complaint that clearly identified the trust as the owner of the property.

As noted above, Harris's continued *pro se* representation of the trust after the May 2025 order dismissing the initial complaint without prejudice was a significant factor in the trial court's dismissal of the amended complaint with prejudice. *See* Trial Court Opinion, 11/20/25, at 4. Unfortunately for Harris, he has not recognized that issue and presented no argument regarding his unauthorized practice of law on behalf of the trust.

Although the absence of meaningful argument on a dispositive issue could warrant waiver of that issue or the dismissal of an appeal,[8] a review of

_____

[8] As this Court has stated:

> While this [C]ourt is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because []he lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.
>
> . . . When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, [this] Court will not consider the merits thereof.

*Branch Banking & Tr. v. Gesiorski*, 904 A.2d 939, 942-43 (Pa. Super. 2006) (internal citations, quotation marks, indentations and bracket omitted). *(Footnote Continued Next Page)*

the record compels the conclusion that the trial court did not abuse its discretion when refusing to consider Harris's *pro se* filings on behalf of the trust. **See Bisher**, 265 A.3d at 406-07; **Delaware Valley Landscape Stone**, 284 A.3d at 465. The trial court further acknowledged Harris may have obtained a personal interest in the property one day after the court announced the dismissal of his amended complaint, but before the court formally entered the August 25, 2025 order. Under the circumstances of this case, the trial court did not abuse its discretion when declining to allow Harris to substitute himself as a party in the pending action on behalf of the trust or when refusing to accept this alleged change in circumstances as a cure for Harris's unauthorized filings on behalf of the trust. Furthermore, requiring Harris to commence a new action on his own behalf would not result in any procedural or substantive prejudice to any of the parties.

For these reasons, we affirm the order dismissing Harris's amended complaint.[9]

_____

In the present appeal Harris's failure to address the trial court's dismissal of the amended complaint would require this Court to act as his counsel to develop any meaningful argument that Harris did not engage in the unauthorized practice of law on behalf of the trust. This we cannot do. **See Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 761 (Pa. Super. 2021).

[9] Because we affirm the trial court's order based on the court's execution of its duty to stop the unauthorized practice of law before it, we will not address Harris's procedural and substantive issues regarding the trial court's decision to sustain U.S. Bank's preliminary objections. As to Harris's motion to recuse, he has not included the transcript necessary to review his assertions, and that issue is waived. **See** footnote 2, *supra*; **Smith v. Smith**, 637 A.2d 622, 623 (Pa. Super. 1993)

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026